**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0942-23

DAVID WYCHE,

    Complainant-Appellant,

v.

FIVE STAR BARBER SHOP,

    Respondents-Respondents.

_____

Submitted December 16, 2024 - Decided January 30, 2025

Before Judges Berdote Byrne and Jacobs.

On appeal from the New Jersey Division on Civil Rights, Department of Law and Public Safety, Docket No. P2021-001362.

David Wyche, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Division on Civil Rights (Sookie Bae-Park, Assistant Attorney General, of counsel; Surinder K. Aggarwal, Deputy Attorney General, on the brief).

PER CURIAM

Complainant David Wyche appeals the March 17, 2022 final administrative decision by the New Jersey Division on Civil Rights ("Division"), dismissing his claim that Five Star Barber Shop ("Five Star") discriminated against him on the basis of his race in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -50 ("LAD"). The issue before us does not involve assessing Five Star's potential liability. Instead, the limited issue before us is whether the Division's decision to administratively dismiss his LAD complaint was arbitrary, capricious, unreasonable, or not supported by credible evidence in the record.

Because Five Star failed to answer Wyche's complaint, the Division entered default against Five Star. Despite N.J.A.C. 13:4-5.2 requiring the Division to transmit Wyche's case to the Office of Administrative Law ("OAL") twenty days after notifying Five Star of its default, this never occurred. Instead, the Division notified Wyche it would not represent him in the litigation of his claim because it would not serve the public interest, and would administratively dismiss his complaint unless he requested to have his case transferred to the OAL or filed his complaint in the Superior Court. Wyche failed to act upon either of these options, and the Division administratively dismissed his complaint in a final administrative decision on March 17, 2022.

2

Although the Division is correct that it was free to decline Wyche representation and administratively dismiss his complaint if "the public interest is [not] best served by the continuation of the proceedings," N.J.A.C. 13:4-6.1(a)(9), once default had been entered against the respondent, the Division was obligated to transmit Wyche's case to the OAL. It was not permitted to dismiss Wyche's complaint without this hearing occurring and without an administrative law judge rendering an initial decision pursuant to N.J.A.C. 13:4-5.4(b). Because this administrative procedure was not followed by the Division, it acted unreasonably—regardless of the actual merits of Wyche's claim or whether the Division's decision that the public interest would not be served was sound. We reverse the Division's final administrative dismissal and remand with instructions to the Division to transmit Wyche's case to the OAL for a default proof hearing pursuant to N.J.A.C. 13:4-5.2 and N.J.A.C. 13:4-5.4.

I.

Wyche made an appointment for a haircut at Five Star for October 24, 2020. He alleges that when he arrived for his scheduled appointment, the barber he had reserved was already beginning to give a white Hispanic customer a haircut. Wyche, an African-American man, was upset, and explained to Five Star staff he had an appointment and insisted on being seen immediately. The

A-0942-23

staff told Wyche he would either have to wait for the other customer to finish or leave. Wyche engaged in a verbal argument with staff, which included expletives not alleged to have been racial in nature, and then left.

Wyche left Five Star a negative review on Booksy, the app he used to schedule his haircut. Five Star responded on Booksy, stating the following:

> my apologies to this man, we are here to serve him, we do what we can but we are not his slaves. you arrived like our time is worth shit and a lot of arrogance more than you arrived late but if you want to hurt our public you know of our quality of service but anyway thank you very much, if another day you give us another opportunity be punctual and not be so arrogant we are human.

On February 8, 2021, Wyche filed a verified complaint with the Division against Five Star, alleging it had discriminated against him on the basis of his race in violation of the LAD. Specifically, Wyche's only allegation of a LAD violation against Five Star was in its response to his review, where it stated its employees are "not his slaves." Wyche claimed that response was racially motivated.

The Division notified Wyche on February 8, 2021, it was in receipt of Wyche's complaint and had served it upon Five Star. That same day, the Division informed Five Star it was the respondent in Wyche's complaint and apprised Five Star of its obligations, including its obligation to file an answer.

4

On June 8, 2021, the Division notified Five Star it had not received an answer to Wyche's complaint. The Division entered default against Five Star on June 29, 2021, for failure to file an answer. The same day, the Division sent Five Star a notice of this entry of default and explained the matter would be transmitted to the OAL for a default hearing twenty days after the notice was sent, or July 19, 2021. The Division states in its appellate brief it was thereafter contacted by Michael Andalaft, Esq. on behalf of Five Star on July 19, 2021—the day the default hearing was scheduled—who requested a copy of Wyche's complaint.[1] The record does not provide any documentation or proof the matter was transmitted to the OAL or the July 19, 2021 hearing was held.

Without indication as to what occurred after the June 29, 2021 entry of default, the Division entered default again on August 16, 2021, and sent a notice to Andalaft, stating the case would be transmitted to the OAL twenty days after the date of service of the letter.[2] Similar to the previous entry of default and

---

[1] Andalaft filed a letter with this court on February 26, 2024, indicating he has never represented Five Star and has never filed a Notice of Appearance in this matter on behalf of Five Star.

[2] Unlike the June 29, 2021 notice of default, which specifically listed July 19, 2021, as twenty days after notice and the date the hearing was to be held, the August 16, 2021 notice of default stated only that the hearing would be held twenty days after the notice without listing a specific date.

A-0942-23

notice sent on June 29, 2021, the record does not provide any indication or proof this case was actually transmitted to the OAL.

On February 10, 2022, the Division informed Wyche of its intent to not litigate his claim because it did not serve the public interest and of its plan to administratively dismiss his complaint. In this notice, the Division informed Wyche of his opportunity to either transfer his claim to the OAL or file the claim in the Superior Court himself within thirty days. When it received no response from Wyche, the Division issued a final administrative decision dismissing his complaint on March 17, 2022, because "[t]he complainant is unavailable or unwilling to participate in conciliation or investigation, or to attend a hearing."[3] The Division denied Wyche's motion for reconsideration on October 24, 2023, reiterating its finding the public interest would not be served if it were to litigate his claim. This appeal followed.

## II.

Our review of a final administrative decision is limited and deferential. In re Herrmann, 192 N.J. 19, 27 (2007); In re Taylor, 158 N.J. 644, 656 (1999).

---

[3] The Division stated in its brief this reasoning was listed in error, and the true reason it had dismissed Wyche's complaint was because the public interest would not be served by litigating his claim. That reason is consistent with the Division's February 10, 2022 notice of intent to dismiss and its October 24, 2023 denial of Wyche's motion for reconsideration.

A-0942-23

An agency's final administrative decision will be affirmed unless it is arbitrary, capricious, unreasonable, or not supported by credible evidence in the record. See Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019) (citing In re Stallworth, 208 N.J. 182, 194 (2011)).  Accordingly, we consider the following:  "(l) whether . . . the agency follow[ed] the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether . . . the agency clearly erred in reaching a conclusion that could not reasonably have been" met.  Bd. of Educ. of Twp. of Sparta v. M.N., 258 N.J. 333, 342 (2024) (alteration and first omission in original) (quoting Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)).

Wyche raises numerous issues on appeal, including, in pertinent part, the following:  he was not properly informed of his rights, including the right to file a verified complaint in the Superior Court; he did not receive a copy of his verified complaint and did not receive confirmation his complaint was served on Five Star, in violation of N.J.A.C. 13:4-2.8; the Division improperly failed to transfer his case to the OAL upon entering default against Five Star; the Division's decision violated his procedural due-process rights; and the Division erred in concluding his case did not serve the public interest and in

7

administratively dismissing his case. In response, the Division argues its decision to administratively dismiss Wyche's case should be affirmed because litigating his claims would not serve the public interest and because he was adequately notified of all rights and available options.

The Division is charged by the Legislature with enforcing the LAD. See N.J.S.A. 10:5-6. A party seeking relief pursuant to the LAD may do so by either filing a civil complaint in the Superior Court or filing an administrative complaint with the Division. See N.J.S.A. 10:5-13(a)(1) (requiring the Division, upon receiving a complaint alleging a LAD violation, to notify the complainant of their right to file their complaint in the Superior Court). If an aggrieved party files a complaint with the Division, the Division undertakes an investigation into the LAD allegations. See N.J.S.A. 10:5-8(c); N.J.S.A. 10:5-8.2(a); N.J.S.A. 10:5-14. Importantly, however, "the [Division's] role is not simply to stand in the shoes of the aggrieved party and bring the claim on his or her behalf." Rodriguez v. Raymours Furniture Co., 225 N.J. 343, 360 (2016). This is because the Division "has a completely separate law enforcement interest in prosecuting the alleged discrimination," ibid. (quoting Dixon v. Rutgers, 110 N.J. 432, 459 (1988)), and "represents the aggrieved public, which has been injured by the perpetuation of discrimination that our society deems intolerable." Ibid.

(emphasis omitted). Accordingly, the Division maintains the discretion to administratively dismiss any complaint if it does not find "the public interest is best served by the continuation of the proceedings." N.J.A.C. 13:4-6.1(a)(9).

Although the option of filing with the Division "is designed to provide more timely resolution than an action in Superior Court, that aspirational goal may not always be met." Rodriguez, 225 N.J. at 359. When the Division informs the complainant of its decision to not represent the complainant and of its intent to administratively dismiss the complaint, the complainant is "entirely free to proceed to Superior Court . . . . and [the] pending complaint before the [Division] may be withdrawn at any time provided that the [Division] has not made a final determination." Id. at 360 (omission and first alteration in original) (quoting Wilson v. Wal-Mart Stores, 158 N.J. 263, 270 (1999)).

If a complainant chooses to bring his claim with the Division and the respondent in that matter defaults, "the Director shall serve notice of the entry of default and supporting affidavit upon the respondent." N.J.A.C. 13:4-5.2(d). "[This] notice shall inform the respondent that the case will be transmitted to the OAL for a hearing on a default basis and the transmittal will occur [twenty] calendar days after service on the respondent of the notice of entry of default." Ibid. "Twenty calendar days after the respondent is served with notice of the

entry of default, the Director shall transmit the case to the OAL for the purpose of a hearing on the complainant's proofs of the allegation of discrimination on a default basis in accordance with N.J.A.C. 13:4-5.4."  N.J.A.C. 13:4-5.2(e) (emphasis supplied).

At an OAL default hearing, "the proofs shall consist of the order of entry of default, supporting affidavits, and any other evidence proffered by the complainant. . . ."  N.J.A.C. 13:4-5.4(a).  "[T]he only cognizable issues shall be whether the facts alleged in the complaint or arising out of the investigation constitute a violation of the [LAD] . . . and if so, the amount of damages and other relief to be provided."  Ibid.  No evidence may be proffered by the respondent with respect to its liability because allegations in the verified complaint shall be deemed admitted.  Ibid.  Pursuant to N.J.A.C. 13:4-5.4, the Director may enter a final order only after "receiving the initial decision of the administrative law judge" upon a default hearing in the OAL.  N.J.A.C. 13:4-5.4(b).

Although the Division enjoys broad discretion to choose to administratively dismiss and not litigate a claim it finds is not in the public interest, N.J.A.C. 13:4-6.1(a)(9), it cannot make dismiss the complaint after

default has been entered until an OAL proof hearing has occurred. See N.J.A.C. 13:4-5.4.

Specific to the timing of the facts of this case, the Division failed to fulfill this obligation prior to administratively dismissing Wyche's claim, warranting reversal. The Division first entered default against Five Star on June 29, 2021, and served Five Star with notice of the default on the same day. Without reference to this entry of default, the Division again entered default—presumably in response to Andalaft's alleged contact with the Division on July 19, 2021—on August 16, 2021. The record before us does not contain any evidence this hearing actually happened and instead suggests it did not occur as the Division does not assert it transferred Wyche's case to the OAL, but rather contends "Five Star's default afforded Wyche a chance for a proof hearing to determine whether the facts alleged in his complaint constituted a LAD violation." The Division is misguided, as default by Five Star afforded Wyche more than a mere "chance for a proof hearing"; it obligated the Division to "transmit the case to the OAL" for a hearing. N.J.A.C. 13:4-5.2(e).

It is of no moment that the Division offered Wyche the opportunity to request his case be transmitted to the OAL thirty days before dismissing his claim because the use of the word "shall" in N.J.A.C. 13:4-5.2(e) demonstrates

A-0942-23

the Division was required to transmit the claim to the OAL. Instead, it unreasonably dismissed Wyche's case prior to a proof hearing taking place. See N.J.A.C. 13:4-5.4(b) (stating the Division may render a final order dismissing a LAD complaint brought against a respondent in default only "[a]fter receiving the initial decision of the administrative law judge" in a proof hearing with the OAL); N.J.S.A. 10:5-17 (stating that the Division may choose to dismiss a complaint only after considering all evidence presented at the hearing, and must state all findings of fact and conclusions of law supporting dismissal in a formal report served on the complainant).

The Division's dismissal is reversed, and it is instructed to transmit Wyche's complaint to the OAL for a proof hearing pursuant to N.J.A.C. 13:4-5.2 and N.J.A.C. 13:4-5.4.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION